CONCERNED ROSEBUD AREA
CITIZENS, et al., Plaintiffs,

v.

Bruce BABBITT, Secretary of the United
States Department of the Interior

and

Kevin Gover, Assistant Secretary for Indi-
an Affairs, United States Department
of the Interior, Defendants.

No. Civ.A. 98–2841(JGH).

United States District Court,
District of Columbia.

Jan. 21, 1999.

Katherine Anne Meyer, Meyer & Glitzen-
stein, Washington, DC, James Bryan Dough-
erty, Washington, DC, Gretchen G. Biggs,
Boulder, CO, Concerned Rosebud Area Citi-
zens, Prairie Hills Audubon Society of West-
ern South Dakota, Humane Farming Associ-
ation, plaintiffs.

Rollin Anthony Rogers, U.S. Department
of Justice, Environment & Natural Re-
sources Division, Washington, DC, for Bruce
Babbitt, Secretary of the Interior federal,
Indian Affairs federal, defendants.

## ORDER

JOYCE HENS GREEN, District Judge.

In this case, plaintiffs (hereafter collective-
ly "Concerned Citizens") challenge the deci-
sion of the Interior Department's Bureau of
Indian Affairs ("BIA") to approve a lease
between the Rosebud Sioux Tribe and Sun
Prairie, a Nebraska general partnership, for
purpose of constructing and operating a siza-
ble "pork production facility" (hereafter "the
Facility"). *See* 25 U.S.C. §§ 81, 85 (requir-
ing approval by the Secretary of Interior and
consent of the United States for contracts
with Indian Tribes concerning property).
The parties agree that BIA's lease approval
was a major federal action requiring the
Government to review the environmental
consequences of the proposed action under
the National Environmental Policy Act
("NEPA"), 42 U.S.C. § 4332(C). The result
of BIA's environmental inquiry was a Find-
ing of No Significant Impact ("FONSI") from
the proposed facility. Concerned Citizens
challenge that finding, and BIA's lease ap-
proval based thereon, on procedural and sub-
stantive grounds. Two days before Christ-
mas, Concerned Citizens asked the Court to
preliminarily suspend the lease approval
pending final resolution of this case.

Rather than respond to the motion for
preliminary injunction, the Government filed
motions to stay this litigation and to transfer
the action to the United States District Court
for the District of South Dakota. This Court
denied the motion to stay on January 12,
1999 and held a public hearing on the motion
to transfer this date.

Certain factual representations were made to the Court which are repeated herein and are relied upon by this Court in making her ruling. The Rosebud Sioux Tribe inhabit an economically depressed area. The Tribal Government has agreed to the lease because construction and operation of the Facility will result in increased employment for the Rosebud Sioux. Bell Farms, which will operate the Facility on Sun Prairie's behalf, is one of the largest pork producers in the United States.

Not all members of the Tribe agree that the economic benefits from the lease are worth the environmental costs, and some of those dissident members are also members in the plaintiff organizations.

As of this date, at least eight of 24 buildings planned for Site 1 of the Facility are under construction. Construction on a ninth building began but has temporarily ceased.

Assistant Secretary Gover's position on behalf of the Department of the Interior is that the United States will use all of its powers to cease any further construction beyond the eight buildings in progress and to prevent any operations from commencing until after plaintiffs' motion for preliminary injunction has been resolved, regardless of which court decides it.

The Government concedes that venue for this action is proper in this Court but takes the position that South Dakota is a more convenient forum, primarily with respect to witnesses who may testify on the issue of injunctive relief. The Government argued that on the merits there are two issues in this case. First, the Government concedes that the validity of the lease must be decided solely on the basis of the administrative record. Second, the Government treats the issue of injunctive relief as being distinct from the lease-validity issue, and it suggests that it MAY call witnesses to ask the Court to allow Site I to operate even if the Court determines that the lease is invalid.

The Government is unsure about its need for witnesses because Assistant Secretary Gover is awaiting input from the United States Environmental Protection Agency ("EPA"), which previously urged BIA to conduct a broader study of the environmental impacts than was done, as to whether the design of Site 1 is environmentally sound. The Court inferred from Government counsel's description that these post-FONSI consultations concerning environmental impacts are taking place outside public view with no opportunity for notice or comment. Thus, the Government's entire argument in favor of transfer is contingent upon a decision that has not been made.

Moreover, a reading of the complaint demonstrates that the lease-validity issue, which the Government concedes must be decided on the record alone, is the issue for which injunctive relief is sought. Concerned Citizens seek a series of declarations that the Government has violated a number of provisions of law followed by injunctive relief suspending the lease approval. In fact, it appears that even the so-called "injunctive" relief sought is really just another declaratory judgment adjudging the lease to be void. However styled, the parties agree that the basis for granting relief must be found only in the administrative record.

The Government complains that a number of interested groups may be foreclosed from effectively participating in this case if it remains here. But the argument ignores the limited task of the Court. Plaintiffs seek a backward-looking review of an administrative process that is complete and has resulted in a final decision. It may be that if this Court grants the relief sought, subsequent litigation may erupt in South Dakota, and it may well be that the interested groups will wish to be heard further on the merits of the agency's decision. But those concerns should be addressed to the agency, because, as has been conceded, this Court is concerned only with a record that is closed.

This Court is not insensitive to the needs and interests of the Rosebud Sioux. Sun Prairie, Bell Farms or the State of South Dakota. But the issue in this case is solely whether the federal government complied with federal law, and that is the kind of question that is routinely and properly answered in this District and Circuit. Moreover, in this case, a swift answer is in order.

Accordingly, upon consideration of the entire record in this matter, it is hereby

**ORDERED** that defendants' motion to transfer is DENIED. When balancing the factors and considering that the merits of this case will be resolved based on the administrative record, it is clear that defendants have failed to offer a sufficient reason to disturb plaintiffs' choice of forum. It is

**FURTHER ORDERED** that plaintiffs' motion for a preliminary injunction is hereby consolidated with the request for final judgment. The Court granted a consent motion to allow defendants to respond to the preliminary injunction by January 11, 1999. Presumably, the Government was prepared to file the administrative record with its response, but that has not been done. Relying on defendants' representation that plaintiffs would suffer no immediate harm from resolving the motion to transfer first, *see* Defs.' Transfer Mem. at 3 & n. 3, the Court established a contingent and expedited briefing schedule to resolve the entire case. *See* Order of January 12, 1999. From plaintiffs' opposition to the transfer motion, it appears that contrary to defendants' representations, plaintiffs are likely to suffer more immediate harm. *See generally* Affidavit of Brad Shouldis. Therefore, it is

**FURTHER ORDERED** that the Court's Order of January 12, 1999 is modified as follows:

1. Defendants shall file a complete administrative record and an answer to the complaint not later than **January 25, 1999 at 10:00 a.m. EST.**

2. Any and all motions for summary judgment shall be filed by **February 2, 1999 at 4:00 p.m. EST.** In light of current jurisprudence requiring the Court to inquire into its own jurisdiction even if the parties have not raised the issue, the moving party shall include a brief section entitled "Standing" that gathers together the factual and legal allegations demonstrating whether or not plaintiffs have constitutional, statutory and prudential standing to bring this action.

3. Oppositions shall be filed not later than **February 8, 1999 at 4:00 p.m. EST.**

4. Replies, if any, shall be filed not later than **February 10, 1999 at 4:00 p.m. EST.**

5. With respect to all filings, service shall be made at the same time as filing. That which can be sent by facsimile shall be. Materials that are too voluminous to be faxed shall be served by hand. Defendants shall also send a copy of all filings by overnight mail to plaintiffs' lead counsel. A courtesy copy of all filings is to be delivered to Chambers at the same time as filing with the Clerk of Court.

6. Argument on the motions for summary judgment will be heard on **February 16, 1999 at 9:30 a.m. EST.** At the hearing, the Court will determine whether a preliminary injunction should issue for the time necessary to issue a final decision on the merits.

IT IS SO ORDERED.